**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**JUSTIN H. LEWIS**                                                             **CIVIL ACTION NO.**

**VERSUS**

                                                                                **24-128-BAJ-EWD**

**STATE FARM FIRE AND**
**CASUALTY COMPANY**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 13, 2024.

                                                            **ERIN WILDER-DOOMES**
                                                            **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**JUSTIN H. LEWIS**                                             **CIVIL ACTION NO.**

**VERSUS**

                                                                **24-128-BAJ-EWD**

**STATE FARM FIRE AND**
**CASUALTY COMPANY**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Joint Motion to Remand,[1] filed by Plaintiff Justin H. Lewis and Defendant State Farm Fire and Casualty Company.[2] Because Defendant cannot sustain its burden of establishing that the amount in controversy is likely to exceed $75,000, exclusive of interest and costs, it is recommended[3] that the Motion be granted.

**I.    BACKGROUND**

On April 12, 2023, Plaintiff filed a Petition for Damages in the Nineteenth Judicial District Court for the Parish of East Baton Rouge alleging that his home was covered by a policy of insurance written by Defendant, which was in effect when the roof of the home was damaged by hail and windstorms.[4] Plaintiff alleged that he filed claims with Defendant, but Defendant failed to tender any amounts to Plaintiff under the policy and has acted in bad faith.[5]

On February 19, 2024, Defendant removed the case to this Court, alleging diversity subject matter jurisdiction.[6] The parties are diverse, as Plaintiff is alleged to be a citizen of Louisiana and

---

[1] R. Doc. 5.
[2] R. Doc.
[3] *See, e.g.*, *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) ("[A] motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review.").
[4] R. Doc. 1-1, pp. 4-5.
[5] *Id.* Defendant agrees that no payments have been paid under the policy. R. Doc. 1, ¶ 7.
[6] R. Doc. 1, ¶¶ 3, 14, 17.

Defendant is alleged to be incorporated, and have its principal place of business in, Illinois.[7] Regarding the amount in controversy, Defendant served a pre-removal request for an admission that Plaintiff's total damages, including statutory penalties and attorney's fees, exceed $75,000, exclusive of interest and costs. Plaintiff denied the request as written, and stated that, despite that the April 2023 estimated cost for replacing Plaintiff's roof was $39,647.79 and that Plaintiff seeks statutory attorney's fees and penalties, "the total amount to which Plaintiff will be entitled is likely to be less than $75,000."[8] Notwithstanding Plaintiff's denial of the request, Defendant relied on the $39,647.79 repair estimate and Defendant's calculation of approximately $39,449.60 in statutory penalties and attorney's fees to establish an estimated $79,097.40 amount in controversy.[9] Defendant also relied on Plaintiff's refusal to sign a stipulation that stated, *inter alia,* that his damages do not exceed $75,000, exclusive of interest and costs.[10]

Because it was unclear whether the amount in controversy is met based on the information provided in the Notice of Removal, the Court raised, on its own motion, the issue of subject matter jurisdiction.[11] During the telephone conference with the Court, the parties stated that Plaintiff provided a stipulation regarding his damages to Defendant and Plaintiff would seek remand, which Defendant did not oppose.[12] Consistent with these representations, the current Motion followed,

---

[7] R. Doc. 1, ¶ 13.
[8] R. Doc. 1-2, p. 1 ("Request for Admission No. 1: Please admit that the total value in damages for all claims alleged by you in your Petition for Damages, including damages provided by La. R.S. 22:1973 and La. 22:1892, exceeds $75,000 exclusive of interest and costs." "Response to Request for Admission No. 1: Denied as written. The estimated cost for replacing the roof of Plaintiff's residence was $39,647.79 in April 2023. The estimate included costs for labor and materials, which are subject to change. Plaintiff contends he is also entitled to an award of attorney's fees and penalties as a result of Defendant's bad faith violations of Louisiana law. Under La. R.S. 22:1973 and La. R.S. 22:1892, penalties will be calculated based on the final amount determined by the trier of fact to be appropriate for the cost of the roof replacement and any related damages. Based on the April 2023 estimate of $39,647.79, and assuming there are no significant changes in the total cost of the roof replacement or the labor and/or materials required to complete the roof replacement and related repairs, the total amount to which Plaintiff will be entitled is likely to be less than $75,000.").
[9] R. Doc. 1, ¶¶ 7-8.
[10] R. Doc. 1, ¶ 9 and R. Doc. 1-3.
[11] R. Doc. 3.
[12] R. Doc. 4.

which is accompanied by an Irrevocable and Binding Stipulation, signed by Plaintiff and his attorney, in which Plaintiff stipulates that his damages do not exceed $75,000, exclusive of interest and costs, and that he will not accept any amount that exceeds that sum.[13]

## II.    LAW AND ANALYSIS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[14]  When, as here, jurisdiction is alleged based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[15] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[16] The removing party has the burden of proving federal diversity jurisdiction.[17] Remand is proper if at any time the court lacks subject matter jurisdiction.[18] The removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[19]

Louisiana law prohibits plaintiffs from specifying a monetary amount of damages in their state court petitions.[20]  When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.[21]  The removing party may make this showing either: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by

---

[13] R. Docs. 5 and 5-1.
[14] 28 U.S.C. § 1441(a).
[15] 28 U.S.C. § 1332(a)(1).
[16] *Hinkle v. USAA Gen. Indem. Co.*, No. 17-156, 2017 WL 4411052, at *3 (M.D. La. Sept. 11, 2017), report and recommendation adopted, No. 17-156, 2017 WL 4401631 (M.D. La. Sept. 29, 2017), citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[17] *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[18] *See* 28 U.S.C. § 1447(c).
[19] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[20] La. C.C.P. art. 893(A)(1); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).
[21] *Luckett*, 171 F.3d at 298, citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).

setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'"[22] Once a removing defendant has established, by a preponderance, that the amount in controversy exceeds the federal jurisdictional amount, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."[23]

In this case, it is not facially apparent from Plaintiff's Petition that his claims are likely to exceed $75,000. Furthermore, based on Plaintiff's stipulation,[24] Defendant agrees that it cannot establish that the amount in controversy is likely to exceed $75,000, exclusive of interest and costs.[25] The Court may consider a post-removal stipulation when, as here, the amount in controversy is ambiguous at the time of removal.[26] No other basis for the Court's jurisdiction has been alleged. According to 28 U.S.C § 1447(c), "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

### III.   RECOMMENDATION

Because Defendant cannot sustain its burden to establish that the requisite amount in controversy is met,

**IT IS RECOMMENDED** that the Joint Motion to Remand,[27] filed by Plaintiff Justin H. Lewis and Defendant State Farm Fire and Casualty Company, be **GRANTED,** and this matter **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge.

---

[22] *Luckett*, 171 F.3d at 298, quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[23] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).
[24] R. Doc. 5-1.
[25] R. Doc. 5, p. 1. "The party seeking to invoke federal jurisdiction has the burden to prove by a preponderance of the evidence that federal jurisdiction exists." *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed.Appx. 62, 65 (5th Cir. 2010) (internal citations omitted).
[26] *See Nguyen v. Allstate Insurance Co.*, No. 06-7432/06-9004, 2007 WL 274799, at *2 (E.D. La. Jan. 29, 2007) (citations omitted).
[27] R. Doc. 5.

4

**IT IS FURTHER RECOMMENDED** that this case be **TERMINATED** and **CLOSED** on the Court's docket.

Signed in Baton Rouge, Louisiana, March 13, 2024.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**